IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSICA MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:14-CV-831 |
| ) | |
| ROGERS, RICHARDS & INGELS, INC., ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Jessica Mitchell, by counsel, hereby bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), for a finding that Defendant has committed violations of the FDCPA, and to recover damages for those violations, and in support thereof says and alleges:

### **JURSISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here and c) Defendant transacts business here.

### **PARTIES**

3. Plaintiff, Jessica Mitchell, ("Ms. Mitchell"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

4. Defendant, Rogers, Richards & Ingels, Inc., ("RR&I") is a Georgia corporation, with its principal place of business located in Atlanta, Georgia. RR&I does

1

business in the State of Indiana and in the Southern District of Indiana. Specifically, RR&I engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

### FACTUAL ALLEGATIONS

5. RR&I is a collection agency that attempts to collect debts from consumers who are residents of Indiana and the Southern District of Indiana.

6. RR&I is a debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

7. RR&I was retained to perform third party consumer debt collection on behalf of its client, Surety Partnership Of Indiana, Inc., d/b/a A-1 Bail Bond (hereafter "A-1 Bail Bond").

8. In its capacity as a third party debt collector for A-1 Bail Bond, RR&I attempted to collect the alleged A-1 Bail Bond's debt from Ms. Mitchell.

9. Ms. Mitchell incurred a bail bond obligation for her ex-husband on September 24, 2012, in the approximate amount of $1,500.00.

10. Ms. Mitchell first became aware of RR&I on March 28, 2014, when its agent, Rich Cooper, left a message with Ms. Mitchell's grandparents directing Ms. Mitchell to call RR&I back immediately.

11. Ms. Mitchell had not previously received any demand letter from the A-1 Bail Bond or RR&I.

12. Ms. Mitchell returned Rich Coopers call; during that phone conversation Mr. Cooper stated that Ms. Mitchell had failed to respond to previous letters, and that the authorities would be out to get her if she did not provide her new address. Mr. Cooper then refused to accept Ms. Mitchell's new address when it was offered.

13. During a March 31 phone call, Mr. Cooper threatened to take Ms. Mitchell's house, car, jewelry, and other belongings.

14. In a subsequent call to Ms. Mitchell, Mr. Cooper divulged information concerning his debt collection efforts to Ms. Mitchell's friend, Tiffany Anderson.

## COUNT I

### Violation of 15 U.S.C. § 1692g(a)
### Validation of Debts

15. Ms. Mitchell hereby adopts and re-alleges paragraphs one (1) through Fourteen (14) of her complaint.

16. 15 U.S.C 1692g(a) of the FDCPA required RR&I to send a validation notice within five (5) days of RR&I's initial communication with Ms. Mitchell.

17. To date, RR&I has failed to send this notice.

18. RR&I's failure to send the required validation notice within five (5) days of its initial communication with Ms. Mitchell constitutes a violation of 15 USC §1692g(a) of the FDCPA.

19. Pursuant to 15 USC §1692k of the FDCPA, RR&I's violation of the FDCPA entitles Ms. Mitchell to recover her actual damages, FDCPA statutory damages, attorney's fees, and cost of litigation.

## COUNT II

### Violation of 15 U.S.C. § 1692e(5) and 1692e(10)
### False and Misleading Representations

20. Ms. Mitchell hereby adopts and re-alleges paragraphs one (1) through Nineteen (19) of her complaint.

21. 15 U.S.C 1692e(5) of the FDCPA prohibits RR&I from threatening to take any action that it cannot legally take.

22. 15 U.S.C 1692e(10) of the FDCPA prohibits RR&I from using any false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning the consumer.

23. RR&I's statement to Ms. Mitchell that the "authorities will be out to get her if she doesn't tell him where she is at" was a threat to take action that RR&I could not legally take.

24. RR&I knew or should have known that its threat could not be carried out.

25. RR&I's made false and misleading statements to Ms. Mitchell in connection with its efforts to collect a debt which is a violation 15 USC §1692e(5) and § 1692e(10) of the FDCPA.

26. Pursuant to 15 USC §1692k of the FDCPA, RR&I 's violation of the FDCPA entitles Ms. Mitchell to recover her actual damages, FDCPA statutory damages, attorney's fees, and cost of litigation.

## COUNT III

### Violation of 15 U.S.C. § 1692f(6)
### Unfair Practices

27. Ms. Mitchell hereby adopts and re-alleges paragraphs one (1) through Twenty-Six (26) of her complaint.

28. 15 U.S.C 1692f(6) of the FDCPA prohibits RR&I from threatening to take any nonjudicial action to effect dispossession of property if there is no present intent to take possession of the property.

4

29. In its March 31 phone call to Ms. Mitchell, RR&I stated that "I'm going to take your house, your car, your jewelry . . . ."

30. RR&I's used unfair collection practices when it stated to Ms. Mitchell it would take her home, car and jewelry, when RR&I had no intention or ability to do so. RR&I's conduct violated 15 U.S.C. 1692f(6) of the FDCPA.

31. Pursuant to 15 USC §1692k of the FDCPA, RR&I's violation of the FDCPA entitles Ms. Mitchell to recover her actual damages, FDCPA statutory damages, attorney's fees, and cost of litigation.

## COUNT IV

### Violation of 15 U.S.C. § 1692c(b)
### Communication to Third Parties

32. Ms. Mitchell hereby adopts and re-alleges paragraphs one (1) through Thirty-One (31) of her complaint.

33. 15 U.S.C 1692c(b) of the FDCPA prohibits, with limited exceptions, RR&I from communicating information concerning debt collection efforts to third parties.

34. In a phone call to Ms. Mitchell, RR&I conveyed to a third party, Ms. Mitchell's friend Tiffany Anderson, information concerning its debt collection efforts and the alleged underlying debt.

35. Pursuant to 15 USC §1692k of the FDCPA, RR&I's violation of the FDCPA entitles Ms. Mitchell to recover her actual damages, FDCPA statutory damages, attorney's fees, and cost of litigation.

## REQUEST FOR RELIEF

Plaintiff, Jessica Mitchell, hereby requests that the Court:

36. Declare that Defendants' debt collection actions violated FDCPA.

37. Enter Judgment in favor of Plaintiff Jessica Mitchell and against Defendant Rogers, Richards & Ingels, Inc., for actual damages, statutory damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. §1692k of the FDCPA.

38. Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Jessica Mitchell, hereby demands a trial by jury.

       Respectfully submitted,
       NERZ  WALTERMAN, P.C.


       /s/ C. Warren Nerz_____
         C. Warren Nerz, Esq. (16152-49)
         Attorney for Plaintiffs


C. Warren Nerz, Esq.
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road
Suite 20
Indianapolis, Indiana 46237
(317) 885-7500